**The People of the State of Illinois, Defendant in Error, v. Sylvester Maffei, Plaintiff in Error.**

**Gen. No. 7,456.**

1. CRIMINAL PROCEDURE—*when indictment assailable after plea of guilty.* Where, by a plea of guilty, an accused confesses he is guilty in manner and form as charged in an indictment and the indictment charges no criminal offense, the sufficiency of the indictment may subsequently be attacked even though there was no motion to quash or in arrest of judgment.

2. INTOXICATING LIQUORS—*insufficiency of indictment for unlawful possession.* A count in an indictment charging that defendant "intoxicating liquor unlawfully did then and there possess, said act being then and there prohibited and unlawful, contrary to the form of the statute," etc., did not charge a criminal offense.

3. CRIMINAL PROCEDURE—*plea of release of errors as requisite to save question of waiver of right to prosecute error.* In the absence of a plea of release of errors the court will not determine whether a defendant in a criminal prosecution waived his right to prosecute a writ of error by applying for probation, serving the same and being discharged.

Error by defendant to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the October term, 1924. Reversed and remanded. Opinion filed May 28, 1925.

ROY F. HALL, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, GEORGE C. DIXON, Asst. Attorney General, WILLIAM JOHNSON, State's Attorney and A. B. LOUISON, Asst. State's Attorney, for defendant in error.

MR. JUSTICE PARTLOW delivered the opinion of the court.

On January 28, 1922, plaintiff in error, Sylvester Maffei, entered a plea of guilty in the circuit court of Winnebago county to the first count of an indictment which charged the illegal possession of intoxicating liquor. He was released on probation for one year and at the end of that time was discharged. A writ of error has been prosecuted from this court to review the judgment.

As grounds for reversal it is urged that the indictment did not charge a crime. No motion was made to quash the indictment, nor was a motion made in arrest of judgment. The rule is, however, that where by a plea of guilty the accused confesses that he is guilty in manner and form as charged in the indictment, as was done in this case, and the indictment charges no criminal offense, that the sufficiency of the indictment may subsequently be attacked even where there was no motion to quash and no motion in arrest of judgment. *Klawanski v. People,* 218 Ill. 481; *People v. Brown,* 312 Ill. 63; *People v. Peiscz,* 226 Ill. App. 363.

The first count of the indictment charges that the plaintiff in error "intoxicating liquor unlawfully did then and there possess, said act being then and there prohibited and unlawful, contrary to the form of the statute," etc. This count was not sufficient under the rule announced in *People v. Martin*, 314 Ill. 110, and *People v. Barnes*, 314 Ill. 140. For this reason plaintiff in error, by his plea of guilty in manner and form as charged in the indictment, pleaded guilty to no violation of the law.

The next question is whether or not plaintiff in error can prosecute this writ of error after his period of probation has expired and after he has been discharged therefrom. Defendant in error insists that the weight of authority is that where a defendant pays the fine imposed in a criminal case he voluntarily waives his right to appeal, or to review the case by writ of error, and several cases are cited in support of this claim. On the other hand plaintiff in error contends that the judgment has only been partially satisfied by the probation and discharge therefrom; that under the law the judgment still has force and effect and can be used against plaintiff in error in case he shall be charged at any subsequent time with a second violation of the prohibition law, and for this reason he has the right to have the judgment reviewed by writ of error.

It will not be necessary for us to determine whether or not the plaintiff in error by making application for probation and serving the same, and being discharged, waived his right to prosecute this writ of error, because that question is not properly before us. In order to raise the question of a release of errors it has been held that a plea of release must be filed, and in the absence of such a plea the question cannot be raised. *Trustees of Schools v. Hihler*, 85 Ill. 409; *Crosby v. Kiest*, 135 Ill. 458; *Metropolitan West Side El. R. Co. v. Siegel*, 161 Ill. 638; *Schaeffer v. Ardery*, 238 Ill. 557. No plea of this kind was filed, therefore

the question of waiver is not properly before us. If the right to prosecute the writ was not waived and the indictment did not charge a crime, the only action we can take is to reverse the judgment and remand the cause, which is accordingly done.

*Reversed and remanded.*