S,TATE, *ex rel.* FRANCIS J. WARREN and FRANK S. BRUNSON, v. REX SWEAT, as Sheriff of DUVAL County.

185 So. 453.
Opinion Filed December 28, 1938.

*Lester W. Jennings, Edwin C. Coffee, F. R. C. Koester* and *Samuel B. Wilson,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment remanding Petitioners in habeas corpus proceedings.

The petition of writ of habeas corpus challenges the sufficiency of the information to charge the offense of obtaining money by false pretense.

. ·The information is in two counts, as follows:

"In the Criminal Court of Record, of the County of Duval and State of Florida, June term, in the Year of Our Lord one thousand nine hundred and thirty eight.

"State of Florida v. Francis J. Warren and Frank S. Brunson.

"Information for Obtaining Money by False Pretenses.

"In the Name and by Authority of the State of Florida:

· "L. D. Howell, County Solicitor for the County of Duval, prosecuting for the State of Florida in the said County under oath, information makes that Francis J. Warren and Frank S. Brunson, of the County of Duval and State of Florida, on the fourth day of December in the year of our Lord, one thousand nine hundred and thirty-seven in the County and State aforesaid that the said Frank S. Brunson did then and there pretend to be and act as the .Clerk of the Justice of the Peace Court, in and for the Fourth Justice of the Peace District one Francis J. Warren was then and there the duly elected, qualified and acting justice of the Peace; that on to-wit: the second day of December in the year of our Lord one thousand nine hundred and thirty seven one C. R. Pearce was duly arrested in the said fourth justice of the Peace District by an officer of the law on a charge of violating a traffic law of the State of Florida in said fourth justice of the peace district and the said C. R. Pearce was then and there duly ordered and commanded by the said officer of the law to be and appear before the said Francis J. Warren as such Justice of the Peace, as aforesaid, for a preliminary hearing upon said charge as aforesaid, that the said C. R. Pearce, in pursuance of said order and command of the said officer as aforesaid did on the third day of December in the year of our Lord one thousand nine hundred and thirty-seven appear before the said Francis J. Warren as said Justice of the Peace as

aforesaid, for a preliminary hearing on said charge as aforesaid, and the said Francis J. Warren, as said Justice of the Peace as aforesaid, did then and there wilfully, corruptly, unlawfully, designedly, by false pretenses and with intent to defraud the said C. R. Pearce and divers other persons whose names are to your informant unknown, place and assess a fine of fifteen dollars upon the said C. R. Pearce for the alleged violation of the said traffic law of the State of Florida, as aforesaid, and the said Francis J. Warren as said Justice of the Peace as aforesaid and the said Frank S. Brunson as the said pretended Clerk of the said Justice of the Peace Court, as aforesaid, did then and there willfully, corruptly, designedly and with intent to defraud the said C. R. Pearce, as aforesaid, falsely represent to the said C. R. Pearce that if he, the said Francis J. Warren, as such Justice of the Peace as aforesaid, bound him the said C. R. Pearce over to a higher court to answer said charge as aforesaid, that it would cost him, the said C. R. Pearce, fifty dollars or more and that upon the payment by him the said C. R. Pearce of the said fine of fifteen dollars to him the said Francis J. Warren as such Justice of the Peace as aforesaid or to Frank S. Brunson as said pretended clerk, as aforesaid, on or before twelve o'clock Noon, on the fourth day of December in the year of our Lord one thousand nine hundred and thirty seven, that he, the said Francis J. Warren, as said Justice of the Peace as aforesaid, would dismiss and forever discharge him, the said C. R. Pearce, on and from said charge as aforesaid and he, the said C. R. Pearce, then and there, believing said representations and pretenses so made as aforesaid by the said Francis J. Warren as such Justice of the Peace as aforesaid, and the said Frank S. Brunson as such pretended Clerk as aforesaid, to be true and then and there relying upon the same and being then and there deceived thereby,

was then and there induced by reason of said false representations and pretenses so made, as aforesaid, to send by his wife, Gertrude Pearce, the said sum of $15.00 to the said Frank S. Brunson, as pretended clerk, as aforesaid, and Francis J. Warren as Justice of the Peace, as aforesaid, to pay the said fine, and that the said Gertrude Pearce on the fourth day of December in the year of our Lord one thousand nine hundred and thirty-seven for and on behalf of the said C. R. Pearce, with intent to depart with the ownership thereof, did deliver and pay the said sum of $15.00 to the said Frank S. Brunson, as pretended Clerk, as aforesaid, and Francis J. Warren, as Justice of the Peace, as aforesaid, in full payment of said fine, and he, the said Frank S. Brunson, as pretended clerk, as aforesaid, and Francis J. Warren as Justice of the Peace, as aforesaid, did then and there on the said fourth day of December in the year of our Lord one thousand nine hundred and thirty-seven receive the said sum of $15.00 in paper bills of the value of $15.00 of the money and currency of the United States, a more particular description of which said paper bills being to your informant unknown, of the money, property, goods of the said C. R. Pearce and the said Gertrude Pearce, and the said C. R. Pearce was thereupon discharged by the said Frank S. Brunson, as pretended clerk, as aforesaid, and Francis J. Warren, as Justice of the Peace, as aforesaid, from said charge; that Frank S. Brunson, as pretended clerk of said Court, as aforesaid, and Francis J. Warren, as Justice of the Peace, as aforesaid, did then and there knowingly and designedly receive and obtain the said money, property goods and chattels of the said C. R. Pearce and the said Gertrude Pearce, as aforesaid, by means of the said false pretenses and representations as aforesaid, with the intent then and there to cheat and defraud the said C. R. Pearce and the said Gertrude Pearce, whereas in

truth and in fact the said Frank S. Brunson, as pretended Clerk, as aforesaid, and Francis J. Warren, as Justice of the Peace, as aforesaid, had no authority of law to place and assess the said fine of $15.00 upon the said C. R. Pearce and collect the said fine in the sum of $15.00 from the said C. R. Pearce and the said Gertrude Pearce, as aforesaid, as the said Frank S. Brunson, as pretended Clerk, as aforesaid, and Francis J. Warren, as Justice of the Peace, as aforesaid, then and there well knew they had so represented, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida.

"Second Count.

"And for a second count of this information, your informant aforesaid, under oath aforesaid further information makes that Frank S. Brunson of the County of Duval and State of Florida on the Third day of December in the year of our Lord one thousand nine hundred and thirty-seven, in the County and State aforesaid, the said Frank S. Brunson did then and there pretend to be and act as the Clerk of the Justice of the Peace Court of the Fourth Justice of the Peace District of Duval County, Florida, in the office of one Francis J. Warren, as Justice of the Peace of the Fourth Justice of the Peace District of Duval County, Florida, and that the said Francis J. Warren then and there was the duly elected and qualified Justice of the Peace of said Fourth Justice of the Peace District of Duval County, Florida; that on the second day of December in the year of our Lord one thousand nine hundred and thirty-seven, one C. R. Pearce was arrested near Marietta, Duval County, Florida, for the violation of the traffic laws of the State of Florida, and was ordered by the arresting officer after said arrest, as aforesaid, to be and appear before the said Francis J. Warren, as Justice of the Peace, as afore-

said, to answer the charge of violating the traffic laws of the State of Florida; that in pursuance of said arrest and said order by said arresting officer, the said C. R. Pearce did on the Third day of December in the year of our Lord one thousand nine hundred and thirty-seven appear before the said Francis J. Warren, as Justice of the Peace, as aforesaid; that the said Francis J. Warren, as Justice of the Peace as aforesaid, was then and there prohibited by the laws of the State of Florida from trying the said C. R. Pearce upon said charge and placing and assessing a fine upon the said C. R. Pearce for violating the traffic laws of the State of Florida; that the said Frank S. Brunson, as pretended Clerk, as aforesaid, did then and there, contrary to the laws of the State of Florida and without the said C. R. Pearce having had a preliminary trial and hearing on said charge, willfully, unlawfully, corruptly and by false pretenses and with intent to defraud the said C. R. Pearce, demand and require of the said C. R. Pearce to pay a fine in the sum of $15.00 for the alleged violation of the traffic laws of the State of Florida, as aforesaid, and did then and there tell and represent to the said C. R. Pearce that if the said charge against the said C. R. Pearce went to a higher court, it would cost the said C. R. Pearce $50.00 or more in the said higher court, and that upon the payment of said fine of $15.00 the said charge would be dismissed in the said Justice of the Peace Court, and the said C. R. Pearce would thereupon be discharged, and the said Frank S. Brunson, as pretended Clerk, as aforesaid, did then and there demand and require the payment of said fine by the said C. R. Pearce on or before twelve o'clock noon on the Fourth day of December in the year of our Lord one thousand nine hundred and thirty-seven; that he, the said C. R. Pearce, believing said representations and pretenses so made as aforesaid, by the said Frank S. Brunson, as

pretended Clerk, as aforesaid, to be true, and then and there relying upon the same and being then and there deceived thereby, was then and there induced by reason of said false representations and pretenses so made as aforesaid, to send by his wife, Gertrude Pearce, the said sum of $15.00 to the said Frank S. Brunson as pretended Clerk, as aforesaid, to pay the said fine, and that the said Gertrude Pearce on the Fourth day of December in the year of our Lord one thousand nine hundred and thirty-seven, before noon of said day, for and on behalf of the said C. R. Pearce, with intent to depart with the ownership thereof, did deliver and pay the said sum of $15.00 to the said Frank S. Brunson as pretended clerk, as aforesaid, in full payment of said fine, and he the said Frank S. Brunson, as pretended clerk, as aforesaid, did then and there on the said Fourth day of December in the year of our Lord one thousand nine hundred and thirty-seven receive the said sum of $15.00 in paper bills of the value of $15.00 of the money and currency of the United States, a more particular description of which said paper bills being to your informant unknown, of the money, property, goods and chattels of the said C. R. Pearce and Gertrude Pearce, and the said C. R. Pearce was thereupon discharged by the said Frank S. Brunson, as pretended clerk, as aforesaid, from said charge; that the said Frank S. Brunson, as pretended Clerk of said Court as aforesaid, did then and there knowingly, and designedly receive and obtain the said money, property, goods and chattels of the said C. R. Pearce and the said Gertrude Pearce, as aforesaid, by means of the said false pretenses and representations, as aforesaid, with intent then and there to cheat and defraud the said C. R. Pearce and the said Gertrude Pearce, whereas in truth and fact the said Frank S. Brunson, as pretended clerk, as aforesaid, had no authority of law to demand, require, receive

and collect the said fine of $15.00 of and from the said C. R. Pearce and the said Gertrude Pearce, as aforesaid, as the said Frank S. Brunson, as pretended Clerk, as aforesaid, then and there well knew as he had so represented; and that the said Francis J. Warren of the County of Duval and State of Florida, was on the said Third day of December and on the said Fourth day of December, both in the year of our Lord one thousand nine hundred and thirty-seven, in the County and State aforesaid, present, aiding, abetting, helping, assisting, comforting, procuring, encouraging, counselling and commanding the said Frank S. Brunson as pretended clerk, as aforesaid, the aforesaid, felony in the manner and form and by the means aforesaid, then and there to do and commit, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Florida."

The Information is based on Section 5155 R. G. S., 7258 C. G. L., which is as follows:

"Obtaining Property, etc. by False Pretenses.—Whoever designedly by a false pretense, or by a privy or false token, and with intent to defraud, obtains from another person any property, or obtains with such intent the signature of any person to a written instrument, the false making whereof would be punishable as forgery, shall be punished by imprisonment in the State Prison not exceeding ten years, or by fine not exceeding five hundred dollars; but the provisions of this section shall not apply to any purchase of property by means of a false pretense relating to the purchaser's means of ability to pay, when by the terms of the purchase, payment for the same is not to be made upon or before the delivery of the property purchased unless such pretense is made in writing and signed by the party to be charged."

In Clifton v. State, 76 Fla. 244, 79 Sou. 707, we defined the offense attempted to be charged, as follows:

"To constitute the statutory offense of obtaining property by false pretenses, there must have been a representation by the defendant of a past or existing fact or circumstances; it must have been in fact a false representation; it must have been known by him to be false; it must have been made with intent to defraud; it must have been believed by the other party; and he must have *parted with his property to the defendant because of it.* If an indictment of this offense fails to state any one or more of these facts or circumstances, it fails to charge the offense." See Clark on Criminal Proc. 153-154;

"State v. Wedbee, 152 N. C. 770, 67 S. E. Rep. 60, 27 L. R. A. (N. S.) 363.

"There is an apparent conflict of authority as to the extent to which the causal connection between the false pretense and the loss must be set out in the indictment. In some states the courts hold that the indictment must contain all the material facts and circumstances which the prosecutor would be bound to prove in order to produce a conviction. And where there is no natural connection between the facts to show just how or why the injured party was induced to part with his property, such facts or circumstances must be fully set out in the indictment as will lead to a necessary legal conclusion of guilt. This Court, in the case of Jones v. State, *supra,* held in accordance with this rule.

"In dealing with an official board, whose powers are derived solely from the statute and whose warrants may be lawfully drawn only for expenses authorized by law, the rule is particularly applicable. It would be idle to contend that a false statement by one to such a board concerning an expense not authorized by law to be incurred is

sufficient to deceive the board into the act of parting with the county's money. Such a holding would justify the Board in an expenditure not authorized by law. There is nothing in this indictment to show that the expense was authorized by law."

It is our view that while the acts alleged in the Information may be sufficient to constitute a charge of malpractice in office in knowingly and wilfully assessing and collecting a fine without authority of law, the allegations are not sufficient to constitute a charge of violation of statute denouncing the obtaining of money, or other thing of value, by false pretense. There is no allegation that it would not have cost Pearce fifty dollars or more; had the Justice of the Peace bound him over to answer the involved charge in the Criminal Court of Record, nor is it charged that the accused knew that it would not cost Pearce that amount, if he were bound over. It is not alleged that the Justice of the Peace did not have the authority and power to discharge Pearce on preliminary hearing before him. There is no allegation that Pearce was not discharged by order of the Justice of the Peace, or that he was ever thereafter required to answer the then pending charge in any court of competent jurisdiction.

We do not think that conduct constituting malpractice in office such as is portrayed in this information comes within the purview of the section of our statutes hereinabove quoted and, therefore, the judgment should be reversed and the cause remanded, wtih instruction that an order be entered discharging the petitioner.

So ordered.

Reversed and remanded.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.