## A. Y. FINLAY, v. STATE OF FLORIDA

12 So. (2nd) 112                                    January Term, 1943
February 19, 1943                                         Division B

*Philip D. Beall,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, and *Forsyth Caro,* for appellee.

THOMAS, J.:

The appellant and a confederate were convicted of obtaining money under false pretenses, a crime denounced by Section 7258, C.G.L., 1927 (817.01, Florida Statutes, 1941).

Inasmuch as the questions presented for decision by the Court challenge the sufficiency of the evidence to establish "a false representation of a past or present existing fact" and question the propriety of the Court's denial of two instructions bearing out that theory we will, at the outset, give a brief history of the transaction which gave rise to this prosecution.

The appellant and his companion entered into an agreement with Women's Benefit Association, a civic organization, providing for the "sale" by the former to the citizens of Pensacola of books containing stamps of various denominations. One fourth of the receipts was to be remitted to the association to be used in purchasing equipment for a hospital for tuberculars and three fourths were to be retained by appellant and his companion to pay for their services and to defray the costs of the enterprise. The stamp books were to

be delivered by the association to the two defendants from time to time as their supply became diminished from sales so that the sponsor could keep accurate account of the receipts. To carry out the plan the appellant and his associate employed young boys to deliver the books to purchasers interviewed over the telephone.

In furtherance of this apparently laudable project many sales were made but we will confine our observations and discussions to the transaction between the appellant and a man from whom he was charged with having obtained money in violation of the statute. He called the prospective donor on the telephone, gave an assumed name, stated that the hospital was much in need of a food conveyor and asked him to buy one of the books, giving the assurance that all of the money paid for it would be expended for this worthy purpose. The person called remarked that he would not contribute if any of the money was to be used otherwise. He was told by the appellant that all services, including those of the messengers, were being donated and that money was being collected in this manner under the sponsorship of the Women's Benefit Association. When the appellant gave the assumed name over the telephone he added "of the Naval Air Station." Not only was the appellant's statement about his services without charge untrue, but the messengers were actually receiving compensation for their errands. Evidently, his connection with the air station was fictitious.

The State's version of the affair as we have related it in brief was disputed by the defendants who offered no testimony, save their own, but there was ample evidence to convince the jury that this was the correct account of what transpired.

In a decision of this Court, Clifton v. State, 76 Fla. 244, 79 So. 707, the following elements of the crime of obtaining property by false pretenses were enumerated: (1) false representation of a past or existing fact; (2) knowledge of its falsity; (3) intent to defraud; (4) reliance on the misstatement by the other party; and (5) surrender by the other party of property because of the representation. From our study of the record in this case the last three ingredients

were well proven and there is no need for us to explore or discuss the law on any of them. We will confine our consideration to the point upon which appellant's attack is focused, that is, whether the representations we have detailed amounted to a mere false promise, which would not alone support a conviction, in contradistinction to a statement of past or existing facts or circumstances. Clifton v. State, supra. We hold the view that the pronouncements of the appellant over the telephone to the prosecuting witness fall within the latter category. He solicited a contribution to a charitable cause, always a strong appeal. His victim was not "interested" in making a donation if any part of it was to reach the hands of any person other than the hospital for tuberculars and it was only assurance that all of it would be thus applied that he agreed to contribute. To win the confidence of the intended donor the appellant referred to his connection with the Naval Air Station; to emphasize his assurance that the entire gift would be received by the hospital he represented that even the boy messengers were receiving no compensation; to bolster his status he explained that the solicitation was being made under the sponsorship of the women's organization.

At the time of this conversation there was in existence the agreement providing for the retention of seventy-five per cent by the solicitors and the payment of only twenty-five per cent to the hospital.

The only reasonable construction of the representations of the apellant is that he was *then* collecting moneys under an arrangement with an organization of women in the community and that all funds *were being* and *would be* used for the purchase of equipment for a hospital when he well knew that a small portion was being delivered to the sponsor for that purpose. There can be no question that it was made with the intent to defraud because he was told by the donor that the latter would not contribute unless all of his donation would be used for the institution. After receiving the pledge that no part of it would be otherwise applied the donation was made and it was because of the appellant's statements that the prosecuting witness finally parted with his money.

This set of facts thoroughly justified the verdict of guilty. We have not emphasized the use by the appellant of an alias or the surreptitious arrangement made with the printer to deliver additional books without the knowledge of the sponsor because we have tried to confine our remarks principally to the one element of the offense, namely, the misrepresentation of a past or existing fact, however, these circumstances do show the background of a transaction which was indubitably fraudulent.

While it is true, as appellant urges, that proof of a mere false promise is not sufficient to convict one of violating the statute, nevertheless, a verdict of guilty is justified when such promise "is accompanied by other false statements and representations." 22 Am. Jur., False Pretenses, Section 14; People v. Miller, 278 Ill. 490, 116 N.E. 131 L.R.A. 1917E, 808. The appellant not only stated that money solicited by him *would be* used for a certain purpose but as a basis for that promise he misdescribed positive existing circumstances to induce the donor to part with his money. Unquestionably, the record shows that the prosecuting witness did not make his donation on the strength of the promise alone but because of the representations of the plan under which he was presently operating.

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.