## EX PARTE: CHARLES FRANKLIN STIRRUP

19 So. (2nd) 712 ·             June Term, 1944
November 17, 1944                 Division B

*Charles Franklin Stirrup,* in pro. per.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for respondents.

SEBRING, J.:

This is a habeas corpus proceeding to test the legality of the imprisonment of the petitioner, Charles Franklin Stirrup. The judgment under which sentence was given was based upon an information that Charles Franklin Stirrup, "did unlawfully, knowingly and designedly and by false pretense and with intent to defraud one R. H. Morgan, obtain from said R. H. Morgan the sum of $25.00 lawful money of the United States of America, said pretense and representation being that he, the said Charles Franklin Stirrup owned a truckload of household furniture that was then on a truck in St. Petersburg, Florida, with transfer charges of $25.00 due on said furniture which had to be paid before the said Charles Franklin Stirrup could get said furniture released from the transfer company, and the said R. H. Morgan relying upon and believing said false representation to be true, paid over to the said Charles Franklin Stirrup the sum of $25.00 aforesaid, the said Charles Franklin Stirrup making said false representation and statements well knowing same to be false and untrue and with intent then and there to injure and defraud said R. H. Morgan as aforesaid;"

The petitioner was arraigned on the information and entered a plea of guilty. The trial judge sentenced him to five years at hard labor at the State prison. He is now serving the sentence. The question is whether the information charges a criminal offense under the law.

Habeas corpus may be invoked to secure release of a person from imprisonment if the act of which he stands convicted is not in law a crime. A petition is not entitled to release, however, if the charge be merely defective in its allegations; it must wholly fail to state any offense under the laws of the State. Ex Parte Hays, 25 Fla. 279, 6 So. 64; Ex Parte Bailey, 39 Fla. 734, 23 So. 552; Lewis v. Nelson, 62 Fla. 71, 56 So. 436; Foxworth v. Law, 77 Fla. 596, 82 So. 55. But where the indictment or information wholly fails to charge any offense

under the law, the petitioner will be entitled to discharge on habeas corpus, even though he may have voluntarily entered a plea of guilty to the charge. Though a plea of guilty is a confession of guilt of the highest order and authorizes the imposition of the sentence prescribed by law as upon a verdict of guilty, such plea admits only the acts charged, and does not preclude the defendant from claiming that such facts charged do not constitute a crime. 2 Bish. New Crim. Proc. Sec. 795; Wharton's Criminal Evidence, 12th Ed. p. 975, Sec. 587; 14 Am. Jur. 952, Criminal Law Sec. 272; 22 C.J.S. 655-658, Criminal Law Sec. 424; State v. Schrup, 229 Ia. 909, 295 N. W. 427; People v. Maffei, 237 Ill. App. 325; People v. Bandy, 239 Ill. App. 273; State v. Small, 313 Mo. 66, 280 S.W. 1033. Moreover, a judgment founded upon such a void charge is without legal foundation and is insufficient upon which to base a valid commitment for imprisonment. Brown v. State, 152 Fla. 853, 13 So. 2nd 458; Sellers v. Bridges, 153 Fla. 586, 15 So. 2nd 293, 148 A.L.R. 1240.

The petitioner was charged under Sec. 817.01 Florida Statutes, 1941 which provides that "Whoever designedly by a false pretense . . . and with intent to defraud, obtains from another person any property, . . . shall be punished by imprisonment in the state prison not exceeding ten years, or by fine not exceeding five hundred dollars." To constitute the criminal offense denounced by the statute, there must be a representation of a past or existing fact or circumstance by the defendant to another for the purpose of obtaining property from the latter; the representation must be false in fact; it must have been made with knowledge of its falsity; it must have been made with intent to deceive the other party; it must have been believed by the other party; he must have parted with his property to the defendant because of it. Clifton v. State, 76 Fla. 244, 79 So. 707; State v. Sweat, 135 Fla. 661, 185 So. 453; Finlay v. State, 152 Fla. 396, 12 So. 2nd 112.

It is also necessary that a false statement or representation of an existing fact or circumstance by one person to another for the purpose of obtaining property from the latter be of such nature or character that if the fact was as represented it would place upon the latter a duty, obligation

or desire to part with the property demanded. Inasmuch as deception is the essence of the crime, there must be a causal relation between the representation or statement made and the delivery of the property. And where it appears that there is no natural or relevant connection between the alleged false statement or representation by the defendant and the delivery to him of the property, such facts or circumstances must be fully set out in the indictment or information as will show how and why the false statement induced the person to part with his property. Clifton v. State, supra; Green v. State, 76 Fla. 351, 79 So. 712; Lopez v. State, 96 Fla. 813, 119 So. 137.

In the present case the substance of the charge is that Charles Franklin Stirrup told R. H. Morgan that he owned a truckload of household furniture that was then on a truck in St. Petersburg with transfer charges of $25.00 due on said furniture which had to be paid before he, Stirrup, could get said furniture from the transfer company; that by reason of what he told Morgon he obtained the sum of $25.00 from him because Morgan believed the statement to be true; that the statement made by Stirrup was false and was known by him to be false, and was made with intent to deceive Morgan into parting with the money.

It does not appear from the allegations of the information wherein the statement made by Stirrup was false—whether in the assertion that he owned the furniture, when in fact he did not; or that it was in St. Petersburg, when it was not; or that there were transfer charges on the furniture, when there were not; or that the amount of transfer charges was $25.00, when in fact it was a greater or lesser amount; or that the furniture would not be released by the transfer company unless transfer charges were paid. There is no statement that the money obtained was the property of Morgan. It does not appear that Stirrup promised to repay the money (if the money was in fact the property of Morgan), or that Stirrup promised Morgan that he was to have a lien upon the furniture as security for the debt; or that other evidence of indebtedness would be given. The mere allegation that Stirrup falsely represented that he owned furniture upon

which a transfer charge was due, and that because of such representation he deceived Morgan into turning over to him the sum of $25.00 is insufficient. Clearly there is no rational causal connection or relation between these two allegations, and the allegations of the information fail to show or indicate how or why the false statement made by Stirrup could have induced Morgan to turn over to him the sum of $25.00.

In accordance with the rule we have stated there is no crime charged. The petitioner, therefore, should be discharged.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.