On Rehearing
TERRELL, Justice.
On first consideration this case was affirmed, without opinion. J. H. Scales, Jr., Alice Groag and Jimmie D. Ward, Jr., were *18 indicted on two counts, the first for unlawfully obtaining money by false pretenses and the second for grand larceny. Pleas of not guilty were proffered and a severance was granted as to Jimmie D. Ward, Jr. The jury returned a verdict of guilty as to Scales and Groag on the first count. Motion for new trial was denied, defendants were adjudicated to be guilty and were placed under suspended sentence for one year. The defendants have appealed from that judgment.
Count one of the indictment charged in substance that Alice Groag, J. H. Scales, Jr., and Jimmie D. Ward, Jr., did defraud Mrs. Bessie Parker of $1,440 in the sale of a 1951 Chevrolet automobile, representing to her that said automobile was free and clear of all liens and that they would deliver to her a clear title, though at the time of said transaction defendánts knew that the automobile was subject to a lien in favor of North Florida Loan Association, Inc., of Tallahassee.
In Ex parte Stirrup, 1944, 155 Fla. 173, 19 So.2d 712, 713, this court among other things held the essential ingredients of a charge for obtaining property under false pretenses to be:
“* * * 'J'q constitute the criminal offense denounced by the statute, there must be a representation of a past or existing fact or circumstance by the defendant to another for the purpose of obtaining property from the latter; the representation must be false in fact; if must have been made with knowledge of its falsity; it must have been made with intent to deceive the other party; it must have been believed by the other party; he must have parted with his property to the defendant because of it. Clifton v. State, 76 Fla. 244, 79 So. 707; State ex rel. Warren v. Sweat, 135 Fla. 661, 185 So. 453; Finlay v. State, 152 Fla. 396, 12 So.2d 112, 145 A.L.R. 299.” (Emphasis supplied.)
The record shows that a lien for $1,000 was placed "on said automobile'July 24, 1953, by Psrry Auto Brokers, Inc.; that said automobile was later purchased by Mrs. Parker and paid for by check July 30, 1953. We find no conclusive evidence to show that Scales knew anything about the lien at the time of the sale nor did he make any representation about it. Whatever deception there may have been, the evidence does not' connect Scales with it.
On rehearing granted the judgment appealed from is accordingly reversed as to Scales. In all other respects, it is affirmed.
Affirmed in part,' reversed in part.
•DREW, C. J., and ROBERTS and SE-BRING, JJ., concur.