190 So.2d 614 (1966)
Michael A. GREEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-646.
District Court of Appeal of Florida. Third District.
September 27, 1966.
Rehearing Denied October 26, 1966.
*615 Tobias Simon, Miami, for appellant.
Earl Faircloth, Atty. Gen., Herbert P. Benn, First Asst. Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
HENDRY, Chief Judge.
The defendant, Michael A. Green, appeals from a judgment and sentence following a conviction of grand larceny in a non-jury trial. The defendant and Louis Mayo, Jr., were charged under § 811.021, Fla. Stat., F.S.A. with obtaining $4,550.00 by false pretenses. The offense of obtaining property by false pretenses is encompassed in the larceny statute, § 811.021, supra. Louis Mayo, Jr. was found not guilty. The defendant was sentenced to three years in the state penitentiary.
The defendant was president of the International Maritime Corporation which was involved in the construction of boats. Louis Mayo, Jr. was sales manager of the corporation. In February, 1964, Howard Garry contracted with the International Maritime Corporation to build a twenty-three foot boat for approximately $4,550.00. Garry gave the corporation a deposit of $1,550.00, the balance to be paid upon delivery in April, 1964. In April, Garry returned and found that his boat was not even in the mold and that the employees of the corporation were on strike because they had not been paid in two or three weeks. After requesting the return of his deposit, Garry quoted the defendant, Green, as saying, "How can I get you your money?" Instead, Green offered to sell him either of two boats which were already in the water. One was a new boat for which Green wanted $7,500.00; the other, a used demonstrator, was offered to Garry for an additional $3,000.00 over the deposit in cash in order that the corporation could meet its payroll. Garry, in order to save his deposit, purchased the demonstrator and on April 13, 1964, an agreement was signed by Green giving Garry "clear bill of sale, clear title, free and clear of all liens" with a proviso that when the corporation completed a boat as described in the original contract, Garry could trade in the demonstrator on that boat. Garry testified that when he received the demonstrator there was no registration number on it, however, when he inspected it at his house he noticed that *616 there was an impression of a registration number which had been removed. On June 11, 1964, the International Yacht Charter's Ltd., Inc., acting through its president, Rhoda Farr, obtained a final decree in admiralty proceedings giving it full title and right to possession of the boat which Garry had purchased. Garry did not get his money back from the defendant nor did he get a boat.
Rhoda Farr had delivered her boat, which was registered in the name of the International Yacht Charter's Ltd., Inc., to the defendant on January 16, 1964. The boat was to be used as part of the payment on a new boat which the International Maritime Corporation was to construct for her. Louis Mayo, Jr. signed an agreement for the defendant which indicated that the Farr boat could be offered for sale but could not be sold until delivery of the new boat or with the express written consent of Mrs. Farr. The Farr boat had a mortgage on it, and when delivered to the defendant it had a registration number on the hull. Mrs. Farr testified that the defendant did start a new hull for her but never progressed further. She became concerned and attempted to ascertain the whereabouts of the old boat from the defendant and Mr. Mayo; when queried, they would indicate that the boat was being shown to somebody or that they were repairing it.
On May 18, 1964, the defendant sold his corporation. On the previous day he permitted Mrs. Farr to remove the partially completed boat from his premises so that it would not be there when the new owner took over. Following this, Mrs. Farr recovered possession of her old boat, which had been registered under a new number in the name of Howard Garry, in admiralty proceedings.
The defendant argues that he had no intent to permanently deprive Mr. Garry of his money, but that he had fully intended to deliver good title to the boat sold to Garry and was in position to do so shortly after the sale.
Defendant has confused the elements of the crime of larceny with those of false pretenses. While the crime of obtaining property by false pretenses was merged in the larceny statute, § 811.021, supra, it was not abandoned.[1] The elements of the crime of obtaining property by false pretense are: false representation of a past or existing fact; knowledge of its falsity; intent to defraud; reliance on the misstatement by the other party; surrender by the other party of property because of the representation;[2] the intent to defraud in connection with this crime has been stated to be "the intent to induce another to part with his property by the use of false and deceptive means, when otherwise the owner would not have done so."[3]
The defendant admittedly knew of the agreement with Mrs. Farr not to sell her boat until completion of a new one, or receipt of her express written consent. Thus, when he sold the Farr boat to Garry prior to that time professing to give him clear title, free and clear of all liens, he falsely represented he was the present owner, with knowledge that it was the property of another. The fact that the defendant may have had the intention to cover the transaction in the future by finishing a boat for Mrs. Farr and that he believed he had the ability to do so is immaterial. The defendant imposed a substantial risk upon Garry when he induced him to part with his money by the use of false representations which were known to be false, when otherwise the circumstances indicate Garry would not have done so.
*617 The question of the existence of intent to defraud was for the trier of facts to determine.[4] The trial judge determined that this element was present and our review leads us to conclude that the evidence is sufficient to sustain this finding.
Accordingly, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Rosengarten v. State, Fla.App. 1965, 171 So.2d 591; for a discussion of the distinction between larceny and false pretenses see: State v. Mills, 96 Ariz. 377, 396 P.2d 5 (1964).
[2] Finlay v. State, 152 Fla. 396, 12 So.2d 112, 145 A.L.R. 299 (1943).
[3] 2 Burdick, The Law of Crime § 649 at 508 (1946); Rosengarten v. State, supra note 1.
[4] Casso v. State, Fla.App. 1966, 182 So.2d 252.