KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction and sentence entered by the trial court pursuant to a jury verdict for grand larceny and attempted grand larceny. We have reviewed all of the points raised by appellant on appeal and find them to be without merit. Therefore, the judgment of conviction and sentence appealed are affirmed. See Johnson v. State, 225 So.2d 440 (Fla. 1st DCA 1969); and Zide v. State, 225 So.2d 349 (Fla. 1st DCA 1969).
We note that the criminal charges against appellant arose under Section 811.-021, Florida Statutes (1973). Appellant, in one of his points on appeal, contends that the trial court erred by not giving the jury instructions which he requested in regard to these charges; instead, it gave the Florida Standard Jury Instructions in Criminal Cases § 2.06. Although, as the Florida Supreme Court stated in State v. Bryan, 287 So.2d 73, 75 (Fla.1973), it was not intended that Florida Standard Jury Instructions in Criminal Cases be “iron clad,” they may be used by the trial judges of this State in charging the jury in criminal cases, unless the trial judge determines that the instructions are erroneous or inadequate under the circumstances of a particular case. Also see Frazier v. State, 294 So.2d 691 (Fla. 1st DCA 1974). In the instant case, appellant urged the trial court to employ certain instructions based upon the principles espoused in Ex parte Stirrup, 155 Fla. 173, 19 So.2d 712 (1944). However, in that case the defendant was charged with a crime under Section 817.01, Florida Statutes (1941). Further, that Section has now been held to be repealed by Section 811.021, Florida Statutes (1973), under which appellant was charged here. Anglin v. Mayo, 88 So.2d 918 (Fla.1956); and see Thomas v. State, 216 So.2d 780 (Fla. 3d DCA 1968). Section 811.-021 is a comprehensive revision of Section 817.01, as well as other pre-existing statutes. As such, Section 811.021 now clearly sets forth the elements necessary for its offense. We have carefully reviewed the disputed instructions given in the instant case, i. e. the Florida Standard Jury Instructions in Criminal Cases § 2.06, and have concluded that the subject matter with which they were concerned, i. e., Section 811.021, Florida Statutes (1973), as charged against appellant under the circumstances of this case, was sufficiently and properly covered. See State v. Bryan, 287 So.2d 73 (Fla.1973). Because appellant has failed to show any inadequacy of the instructions actually given, we are of the opinion that his contentions in regard to this point on appeal are without merit. See, e. g., Askew v. State, 118 So.2d 219 (Fla.1960); Cruz v. State, 310 So.2d 360 (Fla. 3d DCA 1975); and Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971). Likewise, each of the other points raised by appellant are without merit and require no discussion. Therefore, the judgment and sentence appealed are affirmed.