360 So.2d 802 (1978)
Sandor KOLTAY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1930.
District Court of Appeal of Florida, Second District.
July 14, 1978.
Charles R. Scully, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant Sandor Koltay was charged in a one count information with violation of Section 812.021, Florida Statutes, the pertinent part of which alleged:
SANDOR KOLTAY, sometimes known as Alec Koltay ... did take from *803 the possession of the State of Florida, through its agent, John K. Kyle, with the intent to unlawfully deprive certain property, to-wit [sic]; $218.40, lawful money of the United States of America, and an R.C.A. picture tube, type 25VABP22, date coded 72-48, by making false representations or pretense or false token to the said John K. Kyle the necessity for replacement of parts and labor for their installation and thereafter did secure the described property with the intent to unlawfully deprive... .
In essence appellant was charged with grand larceny by obtaining property by false pretenses. He pled not guilty and after trial by jury was found guilty of attempted grand larceny, a lesser included offense. He was sentenced to serve 120 days in the county jail and allowed credit for time served in jail awaiting trial. This appeal timely followed. We reverse.
Appellant has presented five points on this appeal for our consideration. After review in light of the applicable law, we conclude that only one point has merit. Appellant contends that the trial court erred, and we agree, in refusing to give an instruction on the essential elements necessary to convict him of the crime for which he was charged, and that as a result the jury was confused and unable to properly consider the case. In Paulk v. State, 344 So.2d 304 (Fla. 2d DCA 1977) we reiterated the essential elements of the crime of false pretense enumerated in Finley v. State, 152 Fla. 396, 12 So.2d 112 (1943): (1) false representation of a past or existing fact; (2) knowledge of its falsity; (3) intent to defraud; (4) reliance on the misstatement by the other party; and (5) surrender by the other party of property because of the representation.
At the charge conference the state requested the following instruction:
Fraud is committed when the defendant has made a false representation of a past or existing fact, that he knew of its falsity, that he did it with intent to defraud and that there was reliance on the false statement by the consumer and a loss of property or money by the consumer as a result of the false statement.
Counsel for appellant requested the following instruction:

Requested instruction No. 1:
The essential elements of the crime of larceny which must be proved beyond a reasonable doubt before there can be a conviction in this case are that:
1. There must be represented a past or existing fact or circumstance by the defendant to another for the purpose of obtaining property from the latter.
2. The representation must be false in fact.
3. The representation must have been made with knowledge of its' [sic] falsity.
4. The representation must have been made with the intent to deceive the other party and the intent to induce the other party to part with his property by the use of false and deceptive means.
5. The representation must have been believed by the other party.
6. The other party must have parted with his property to the defendant because of the representation.
Both of the instructions were denied. The trial court, over appellant's counsel's timely objection, charged the jury in part as follows:
The charge contained in the information is larceny and, among other things, Chapter 812.021 of the Florida Statutes provides:
`The crime of larceny, or stealing, as it is commonly called, may be committed in several ways.'
For the purpose of this case:
`Any person who with intent to unlawfully deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or any other person obtains any property from the true owner, or any other person by color or aid of any fraudulent or false representations or pretense, or any false token or writing, or having in his possession, custody, or control as a person authorized by agreement or by competent authority to hold or take possession, custody, or control of any *804 property appropriates the same to his own use or that of any other person other than the true owner or person entitled to the benefit thereof shall be guilty of larceny.'
The essential elements of the crime of larceny which must be proved beyond a reasonable doubt before there can be a conviction in this case are that the defendant, having lawfully procured possession of or been entrusted with the property of the person alleged in the information, did unlawfully convert that property to his own use or the use of another without the consent of the person alleged in the information.
We submit that the members of the jury could very well have been misled and confused by the instructions as given. Appellant had a right to have the jury instructed in clear and plain language on each and every essential element of the specific crime charged. The failure of the trial court to instruct the jury on the essential elements of the crime charged adversely affected the substantial rights of appellant and, therefore, cannot be regarded as harmless error.
REVERSED and REMANDED for a new trial.
HOBSON, Acting C.J., and DANAHY, J., concur.