Arthur Truman REPKIE, II, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4912.

Supreme Court of Wyoming.

Sept. 7, 1978.

Charles R. Spratt, Buffalo, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Allen C. Johnson, Asst. Atty. Gen., and Laurie Mansfield, Legal Intern, Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This appeal comes to this court from a Johnson County jury verdict finding the appellant-defendant guilty of the crime of grand larceny under § 6–132, W.S.1957, 1975 Cum.Supp. [§ 6–7–301, W.S.1977]. The appellant assigns the following alleged errors for our consideration:

"1. The lower court erred in refusing to give defendant's requested instruction 'A', and by virtue of such refusal, the appellant was prejudiced.

"2. That the lower court erred in denying the appellant's motion for judgment of acquittal at the conclusion of the State's case.

"3. That the verdict of the jury was not supported by the evidence."

We cannot agree that error has been committed and we will, therefore, affirm.

## FACTS

On January 24, 1977, during regular business hours, Repkie, who was then unemployed, entered the "Sports Lure," a sporting goods store in Buffalo, Wyoming. He had been a customer of the store for some time, having previously charged and paid for various items of sporting equipment, including firearms.

He was known by Mrs. Todd, one of the owners, who was then the clerk on duty at the store. Repkie was unaware Mrs. Todd was co-owner of the establishment. He asked to see a rifle, and, after examining it, inquired of Mrs. Todd if she would charge it

to him. This she refused to do. The appellant persisted with his request that Mrs. Todd charge the gun until Mrs. Todd finally agreed to telephone her husband, co-owner, to see if he would consent to the charge. She could not reach her husband on the telephone, and, with the appellant's request rejected, she went on to wait on another customer in a different room of the store. Repkie remained in the store a few minutes and when Mrs. Todd went into the back room to wait on the customer, he picked up the firearm, together with some shells, and left the store.

Repkie then returned to his home at Ranchester, Wyoming, with the rifle; and the next day the arresting officers found him at the Silver Spur Bar in Ranchester with the gun in his possession. Eyewitness testimony is that when the police entered the premises by way of the front door, the appellant sought to leave through the back door. The bartender's wife, who was present in the bar at this time, testified that appellant asked her if he could put the gun in the cooler. When the sheriff's officers confronted the appellant, he told them that he had obtained the weapon from somebody who owed him money.

At the trial, Repkie testified in his own behalf, stating that he told Mrs. Todd that he would be back the next day to pay for the rifle, and that four hundred dollars was to be deposited in his escrow account at the bank in Ranchester, with which he would and could pay for the gun in full. The evidence is that when he took the gun he had no funds either on his person or in any accounts with which to pay for it. He did not return to the Sports Lure to pay for the rifle at any time after the taking. The testimony given by a bank employee was that the appellant did not have an escrow account out of which he could expect to be paid $400.00 the next day or any other time. There was an escrow account at the bank from which he received $100.00 monthly payments, but this was insufficient to pay for the gun in question.

## ISSUES FOR DECISION

The only issues to which we may properly address our attention are:

1. Is there substantial evidence to support the verdict? and
2. Was error committed in refusing an instruction proffered by the defendant?

### 1. *Substantial evidence:*

■ The statute under which the appellant was charged is as follows:

"§ 6–132. Grand Larceny.—Whoever feloniously steals, takes and carries, leads or drives away the personal goods of another of the value of $100 or upwards, is guilty of grand larceny, and shall be imprisoned in the penitentiary not more than ten years." [Now § 6–7–301, W.S. 1977]

We said in *Neel v. State*, Wyo., 452 P.2d 203, 204, reh. den., 454 P.2d 241:

". . . [F]elonious intent to steal is an essential element of the crime [grand larceny] charged against the defendants, and the state has the responsibility of proving such intent by competent evidence. . . . ." [Parenthetical matter ours]

In *Robinson v. State*, 113 Ind. 510, 16 N.E. 184, 185, the court said:

". . . Larceny is committed whenever a person wrongfully takes and carries away the personal goods of another, without any pretense of right, with the felonious intent to deprive the owner of them, or to appropriate them to his (the taker's) own use. . . . ."

The elements of the crime in this case are:

(1) The crime occurred within the county of Johnson on or about the date of January 24, 1977.
(2) The defendant took and carried away,
(3) with the intent to steal,
(4) the personal goods of another,
(5) of the value of one hundred dollars or upwards.

An appellate court, in assessing evidence as to its sufficiency, is bound by the following rule:

"In passing upon the sufficiency of the evidence to support a verdict of guilty, an

appellate court will not weigh conflicting evidence nor consider the credibility of witnesses; and it must view the evidence in a light most favorable to the prosecution and determine questions of law as to whether there is substantial evidence, direct or circumstantial, or both, which, with the reasonable inferences that may be drawn therefrom, will sustain the verdict." *Harris v. State,* Wyo., 487 P.2d 800, 801, citing *United States v. Weiss,* 10 Cir., 431 F.2d 1402, 1407; and *Stock v. Roebling,* Wyo., 459 P.2d 780, 784.

According to these guides, the issue of sufficiency of the evidence must be addressed. It is not a difficult task in this case. The facts most favorable to the State upon which the jury could have based its verdict—and obviously did—are these:

The appellant asked to charge the gun and was refused. When the proprietor's back was turned, he took it anyway. He did not then have money to pay for it. He had no job and he had no source from which he could expect to receive the necessary funds. When confronted by officers of the law, he attempted to escape, hide the gun, and lied to them about the manner of his obtaining the property.

Under these facts, the statutory requirement having to do with the taking of goods of another is clearly fulfilled. The necessary evidence of felonious intent is also present under the authorities cited above. The jury had a right to believe that the defendant obtained possession, intending at the time to convert the gun to his own use and thereby deprive the owner of his property.

2. *Alleged instruction error:*

 Appellant argues that prejudicial error has been committed because his requested Instruction No. A was not given to the jury. The offered instruction is:

"You cannot convict the defendant of the charge of grand larceny if you find that it was after he obtained possession of the personal property and carried it away that he formed the intent to steal the property in question."

The court did give Instruction No. 11, which is:

"You are further instructed that in order to find the defendant guilty of grand larceny, you must first determine that at the time he took and carried away the property belonging to another, he intended to steal the property."

Instruction No. 11 says the same thing as refused Instruction No. A except that it uses a different wording arrangement. They both say to the jury that the felonious intent must be formulated when the goods are taken in order that the crime of grand larceny be committed. Where one of the defendant's proffered instructions is substantially the same as one given by the court, the defendant is without standing to complain of the court's refusal. *Benson v. State,* Wyo., 571 P.2d 595, 597.

The law of proffered Instruction No. A having been adequately covered in given Instruction No. 11, there was no error in the refusal.

Affirmed.