William Richard DRIVER, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 4916.

Supreme Court of Wyoming.

Jan. 22, 1979.

Rehearing Denied Feb. 26, 1979.

Bryan L. McDougal, of Hansen & Hansen, Salt Lake City, Utah, A. A. Zvegintzov, Jackson, and Georgina Guy, of Guy, Williams & White, Cheyenne, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Sandra K. Dunn, Legal Intern, Cheyenne, and Donald Terry Rogers, County Atty., Teton County, for appellee.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE *, J., ret.

ROSE, Justice.

This appeal primarily concerns the sufficiency and character of evidence necessary for a conviction of obtaining property by false pretenses in violation of § 6–3–106, W.S.1977. We will affirm the conviction.

Appellant and Drew B. Robins came to Wyoming to purchase a car dealership located in Jackson, Wyoming. In March of 1974, these individuals approached William Briggs—with whom they had developed an association with regard to their business venture—and received a loan of $50,000.00. The loan, which was needed to assist in obtaining the franchise for the dealership, was repaid within about ten days. On May 13, 1974, appellant informed Robins that an insurance bond would be necessary to finance an inventory of cars for the dealership. Robins, who was the only person who could issue checks on the bank account established in connection with the dealership purpose, gave appellant a signed blank check with the words, "For Ins. Bond" written on the leftmost bottom corner of the check. On May 16, 1974, appellant—according to the testimony of Briggs—

> ". . . approached me [Briggs] for another loan for an insurance bond which—I don't understand all I'm saying—but it was for insurance bond for funding company who was going to fund them a sum of money to operate the business on. This was only supposed to be for a few days again—like ten days or two weeks. So I wrote the check. When I started to write the check—I was going to write to Driver-Robins Inc., the business name. Driver says, well, write just to him so he could cash the thing and get it done. So I wrote it to William Driver."

Appellant took the check—obtained a cashier's check for it—and deposited the money in his personal account. Certain, but not all, of these monies were subsequently deposited in the Driver-Robins business bank account. No checks were issued, however, for the purchase of an insurance bond.

Upon returning to Jackson after a temporary absence, Briggs discovered that appellant was preparing to move out of town. Appellant informed Briggs that the purchase had fallen through and that a reimbursement check for $50,000.00 was awaiting Briggs at a local bank. The next day Briggs went to the bank to pick up and negotiate the check. The check—which was the same check issued previously in blank to appellant by Robins, but which had been subsequently made payable to Briggs

---

* At the time of oral argument, while this case was under advisement and at the time a decision was reached, GUTHRIE, J., was Chief Justice. He retired from the Court on December 31, 1978. By order of the Court, entered on January 1, 1979, he has been retained in active judicial service pursuant to Article 5, Section 5, Wyoming Constitution, and Section 5–1–106(f), W.S. 1977.

in the amount of $50,000.00—was returned with an indication of insufficient funds. Briggs filed a complaint against Robins and appellant, who were indicted under the false-pretenses statute. Charges against Robins were eventually dropped, but appellant was tried by a jury and found guilty, resulting in the instant appeal.

Appellant frames the issues on appeal as follows:

1. The trial court erred in denying defendant's motion for judgment of acquittal on the grounds that the state failed to prove that the defrauded party relied upon a false pretense as required under the statute; and

2. The trial court erred in denying defendant's requested instruction concerning defendant's theory of defense.

## SUFFICIENCY OF THE EVIDENCE

Appellant's first contention rests primarily on the belief that the misrepresentation in question must be of an existing or past fact, and that the alleged false pretense in this case was merely a statement of future action. Secondly, appellant suggests that—even if a statement of future action is an actionable pretense under the statute—there was no showing that Briggs relied on the pretense when he parted with his property. In response, the state urges: (1) that there is evidence of a misrepresentation of past or existing facts; and (2) that, even if there is no such evidence, this court should find that a misrepresentation of future intended action can constitute a false pretense.

*Misrepresentation of past or existing facts*

█ In Wyoming, the facts which constitute the offense of obtaining property by false pretenses are: (1) the pretenses; (2) their falsity; (3) the fact of obtaining the property by reason of the pretenses; (4) the knowledge on the part of the accused of their falsity; and (5) the intent to defraud. *Haines v. Territory*, 3 Wyo. 167, 13 P. 8, 12 (1887). See, *Martins v. State*, 17 Wyo. 319, 98 P. 709 (1908); and *Anderson v. State*, 27 Wyo. 345, 196 P. 1047 (1921). It is suffi-cient if the pretense proved to be false was a controlling part of the moving causes inducing the owner to part with his property—regardless of the presence of other inducing statements which may have been true. *Haines v. Territory*, supra, 3 Wyo. at p. 176, 13 P. at 13. In all of the above-cited cases, there were findings of misrepresentations of past or existing facts, thus avoiding the necessity to determine whether a promise of future action could constitute a pretense under the statute. The issue was raised but not addressed in *Martins v. State*, supra, since the court found therein that false statements and acts in regard to the accused's purported ownership of a bank check gave rise to misrepresentations of existing and past facts.

The threshold inquiry, then, is whether appellant made any false representations of past or existing facts. If he did, we need only address the further issue of reliance and it would not be necessary to consider the proper rule as to promises of future action. There are two representations which are immediately evident from Brigg's testimony: (1) that appellant was going to use the money for an insurance bond; and (2) that Briggs would have his money back in ten days to two weeks. Both of these representations contemplate action in the future, and do not, therefore, constitute statements of past or existing facts. Implicit in these statements, however, is a representation of the *present need* for an insurance bond and a representation that $50,000.00 was *presently needed* for its purchase.

█ The State failed to supply any evidence of the falsity of these implied representations in its case-in-chief. We have held, however, that even if this is true, when a defendant takes the stand he can supply the missing evidence, and that on appeal this court must look at all of the evidence. *Newell v. State*, Wyo., 548 P.2d 8, 14 (1976), and *Neel v. State*, Wyo., 452 P.2d 203, 204, rehearing denied 454 P.2d 241 (1969). When the defendant took the stand in this case, he testified that there was no such thing as an insurance bond in the car

business. There being evidence, therefore, that the defendant knew there was no such thing as an insurance-bond requirement and that he impliedly represented such a need, the jury was justified in finding the defendant guilty of the crime of false pretenses. Furthermore, it is apparent that Briggs relied, at least in material part, on this representation in making the second $50,000.00 loan.

■ The State would have us hold that the appellant's prior behavior in regard to the first loan—presumably his prompt repayment of that loan—constituted a past or existing fact upon which Briggs relied. While it is true that appellant's prior behavior was a past fact, and that Briggs may well have relied upon that fact, we fail to see how appellant misrepresented that fact in the course of obtaining the second $50,000.00 loan. Furthermore, it is certainty true that at the time of the second loan, appellant had promptly repaid a previous loan. We fail to see how this prior behavior can lay the basis for a false pretense.

Nevertheless, we hold that there was sufficient evidence to sustain the defendant's conviction. Since we base this holding on the presence of a false representation of past or existing fact, we have no occasion to consider whether a representation of future action can lay the basis for a charge of obtaining property by false pretenses.

### INSTRUCTIONAL ERROR

The defendant also contends that the trial court erred in refusing to give the following offered instruction:

"In order to find the defendant guilty of obtaining goods by false pretenses you must find beyond a reasonable doubt that the transaction between the defendant and William G. Briggs was not a business loan which the defendant repaid by a check drawn on insufficient funds. In other words, the repayment of a loan with a check drawn on insufficient funds is not grounds to find the defendant guilty."

The trial court did give the following instructions:

"You are instructed that the elements of the crime with which the defendant is charged are as follows:

"1. William Richard Driver

"2. did on or about the 15th day of May, 1974,

"3. in the County of Teton, State of Wyoming,

"4. knowingly and designedly

"5. by false pretense or pretenses

"6. obtain from any other person

"7. any money or other valuable thing whatever

"8. with intent to cheat or defraud any such person or persons of the same.

"9. a representation that induced the owner to part with his property in the sense that the owner must have parted with his property in reliance upon the truth of the representation." (Instruction No. 7)

"To establish the offense of obtaining money by false pretenses, it is not sufficient that there is a false pretense; the owner of the property must rely on it, and it must be an effective or moving cause in inducing him to part with his property, and there must be a causal relation between the representation made and the delivery of the property.

"In other words, it must be shown that the defendant made a misrepresentation to Mr. Briggs, and that Mr. Briggs relied on the truth of that representation when he loaned the defendant the fifty thousand dollars ($50,000)." (Instruction No. 9)

■ The instructions given sufficiently apprised the jury of what they must find before convicting the defendant. *Cullin v. State*, Wyo., 565 P.2d 445, 453 (1977), and *Repkie v. State*, Wyo., 583 P.2d 1272, 1274 (1978). We hold there was no abuse of discretion in refusing the tendered instruction.

Affirmed.

THOMAS, Justice, specially concurring, with whom RAPER, Chief Justice, joins.

I concur in the result reached in the majority opinion, and accept the rationale

presented there so far as it goes. It seems, however, in the context of the facts set forth, there are implicit in these circumstances other representations as to past or existing facts which the jury well could have found to have been false when made.

By his conduct and statements at the time, Driver represented to Briggs that he was seeking a loan for Driver-Robins, Inc.; that he had authority to obtain the loan for the business; and that Driver-Robins, Inc., had made a business decision to borrow funds which would be utilized in obtaining an insurance bond. Because of Robins' lack of knowledge of any such loan, and the prompt manner in which Driver converted the money to his own dominion and control, the jury well could have found that those representations were false at the time they were made. Insofar as Driver's status and authority are concerned, these would constitute false representations of past or existing facts. *State v. Deschambault,* 159 Me. 223, 191 A.2d 114 (1963); *State v. Handke,* 185 Kan. 38, 340 P.2d 877 (1959); *Commonwealth v. Feldman,* 243 Pa.Super. 408, 365 A.2d 1289 (1976).

While he was not asked the question directly, in view of the history of his relationship with Driver-Robins, Inc., the jury certainly could adopt the obvious inference that Briggs was caused to believe in and rely upon the fact that the $50,000 was to be placed in the coffers of Driver-Robins, Inc., for use by that business, and a specific use actually was suggested to him. Similar misrepresentations have been held to violate the provisions of false pretenses statutes. *Skantze v. United States,* 110 U.S. App.D.C. 14, 288 F.2d 416 (1961), cert. den. 366 U.S. 972, 81 S.Ct. 1938, 6 L.Ed.2d 1261, cert. den. 371 U.S. 843, 83 S.Ct. 72, 9 L.Ed.2d 78; *Peiffer v. People,* 106 Colo. 533, 107 P.2d 799 (1940); *State v. Nichols,* 1 Houst.Cr.Cas. 114 (Del.Ct. Gen.Sess. of the Peace and Jail Delivery, 1862); *Finlay v. State,* 152 Fla. 396, 12 So.2d 112, 145 A.L.R. 299 (1943); *Commonwealth v. Walker,* 108 Mass. 309 (1871); *State v. Barnes,* Mo.App., 517 S.W.2d 155 (1974).

As the Supreme Court of Colorado stated in *Peiffer v. People,* supra, 107 P.2d at 802:

" * * * These were not even promises of future action, they were representations of present plans, and they were false when made for the entire evidence forces the conclusion that his then present scheme was to appropriate the stock to his own use and his present method of business was a plain swindle. * * * "

In affirming this conviction I would rely upon these misrepresentations which are implicit in the factual circumstances in addition to those set forth in the majority opinion.