Saufley, J.
The plaintiff in error, Frank A. Wilbur, was indicted and tried in the district court for Laramie county, on a charge of larceny as bailee, convicted, and sentenced for the term of 13 months. He assigned as ground for reversal a defect in the indictment, and error of the court in refusing and in giving instruction. The charging part of the indictment is as follows: “Do present and find that Frank Wilbur, on the 18th day of September, 1888, at the county aforesaid, being the bailee of one watch and chain of the value of $43, the goods, chattels, and personal property of-, copartners doing business under the firm name and style of Zehner, Buechner & Co., did then and there feloniously and fraudulently take and convert the same to his own use, with the intent fe-loniously to steal, take, and carry away the same, contrary to the form of the statute,” etc. The offense charged is statutory. The Wyoming criminal statutes provide[1] that, ii *269 any bailee of goods shall convert the same to his own úse with intent to steal, he shall be punished in the same manner as if the original taking had been felonious. The indictment is defective in form, in this: that it fails to set forth the facts which constituted a bailment, nor does it allege eitiier the character, purpose, or breach of the bailment. The charge that the defendant is a bailee of the goods stolen is but a conclusion. To constitute this offense, there must subsist— First, a relation of trust, either express or implied, between the party accused and the person who owns or controls the goods; second, there must be a conversion of the goods with the intent to steal them, — the concurrence of these two elements being necessary to complete the offense. It is clearly as necessary to plead the facts which constitute the one as it is to plead the facts which constitute the other. Just as in an indictment for embezzlement, facts should be alleged which show a fiduciary relation, and the particular circumstances which constitute the breach or the violation of the trust.
The defect, however, is one which, under the Criminal Code, is to be reached only by a motion to quash. Section 3262 reads: “A motion to quash may be made in all cases where there is a defect apparent upon the face of the record, including defects in the form of the indictment, or in the manner in which an offense is charged.” Section 3266 provides that the accused shall be taken to have waived all defects which may be excepted to by a motion to quash by pleading “not guilty. ” The defendant failed to make this motion in the court below, entered his plea, and proceeded to trial. It is now too late for him to avail himself of the defect in the form of the indictment.
We are unable to perceive any error in the instructions given by the trial court. The testimony on the main issue in the case— that is, whether there was a sale to defendant on false representations made by him, or a bailment of the goods — was conflicting. The instructions were predicated, not only upon these two hypotheses, but upon the hypothesis of a Iona fide purchase by the defendant, which his own testimony in its fullest scope scarcely warranted, and in this respect was favorable to the defendant to the verge of every reasonable demand. The j ury were properly the judges of the facts, and we perceive no reason why this verdict should be disturbed. Judgment afiirmed.

Rev. St. § 917.