Argued January 11, affirmed January 30, 1963

## STATE OF OREGON v. LAMPHERE

378 P. 2d 706

*James K. Gardner,* Hillsboro, argued the cause and submitted a brief for appellant.

*Francis W. Linklater,* District Attorney, Hillsboro, argued the cause and submitted a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

The defendant, Howard Harold Lamphere, was convicted by a jury in Washington county of the crime of burglary not in a dwelling, and sentenced to the penitentiary for a term not exceeding five years, from which judgment he appeals.

At the close of the state's case the defendant moved the court for a judgment of acquittal on the ground that the state had failed "to establish that any crime had been committed." The motion was denied and the defendant then presented evidence in his defense, and the state presented evidence in rebuttal. The motion was not renewed after the close of all the evidence. The denial of the motion for judgment of acquittal is assigned as error.

Defendant argues that the evidence presented by the state in its case in chief was not sufficient to support a verdict against defendant. As we noted in *State v. Gardner,* 233 Or 252, 372 P2d 783 (1962), the former rule that the defendant in a criminal case could not move for a judgment of acquittal until he had rested his case was changed by the enactment of chapter 576, Oregon Laws 1957, now ORS 136.605. That statute permits a defendant to move for a judgment of acquittal at the close of the state's case, and if the motion is denied, to thereafter present evi-

dence in his defense. If a defendant elects not to stand on his motion and presents evidence in his defense he may assign as error the denial of his motion for judgment of acquittal made at the close of the state's case, but in such event the appellate court will consider all the evidence and will not reverse the trial court if the record as a whole contains sufficient evidence to support a verdict against defendant. *State v. Gardner,* supra. The same rule is applicable to a motion for nonsuit in civil cases. See *Clarizo v. Spada Distributing Co.,* 231 Or 516, 373 P2d 689, 692 (1962); *Patty v. Salem Flouring Mills Co.,* 53 Or 350, 363, 96 P 1106, 98 P 521, 100 P 298 (1908); *Carney v. Duniway,* 35 Or 131, 57 P 192, 58 P 105 (1899). We have reviewed all of the evidence and find that it fully supports the verdict against defendant.

■ The defendant also assigns as error the denial of his motion to take the deposition of the complaining witness. We think this assignment is without merit. ORS 136.530 prescribes the manner in which testimony may be given in a criminal action as follows:

"In a criminal action, the testimony of a witness shall be given orally in the presence of the court and jury, except in the case of a witness whose testimony is taken by deposition by order of the court in pursuance of the consent of the parties, as provided in ORS 136.080 to 136.100."

The exception provided in ORS 136.080 to 136.100 authorizes the court in its discretion to require as a condition precedent to granting a postponement of a trial, that the party applying therefor consent that the deposition of a witness may be taken and read on the trial of the case. In *State v. Walton,* 53 Or 557, 99 P 431, 101 P 389 (1909), it was said that the statute, which is now ORS 136.530, "was intended to make the gen-

eral rule, concerning the taking of depositions, inapplicable to criminal trials." That interpretation of the statute was quoted with approval in *State ex rel. Gladden v. Lonergan,* 201 Or 163, 180, 269 P2d 491 (1954).

■ The defendant's last assignment of error alleges that the court erred in allowing the state on rebuttal to offer testimony to impeach defendant on a collateral or irrelevant matter. This assignment of error completely ignores our Rule 19 and Appendix B, Illustration 1, and we decline to consider it.

Finding no error the judgment is affirmed.