Glenn **NEEL,** Robert Broyles, and Richard
Broyles, Appellants (Defend-
ants below),

v.

The **STATE** of Wyoming, Appellee
(Plaintiff below).

No. 3715.

Supreme Court of Wyoming.

April 1, 1969.

Rehearing Denied May 16, 1969.
See 454 P.2d 241.

---

Fred Phifer, Wheatland, William S. Pad-
ley, Ogallala, for appellants.

James E. Barrett, Atty. Gen., Lynn R.
Garrett, Deputy Atty. Gen., Cheyenne, for
appellee.

Before GRAY, C. J., and McINTYRE,
PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the
opinion of the court.

The three defendants, who come to us as
appellants, stand convicted of grand lar-
ceny for feloniously stealing 5,000 bushels
of wheat. Their principal contention on
appeal is that the state's evidence, both at
the close of the state's case in chief and at
the close of all the evidence, was insuf-
ficient to support a verdict of guilty. They
suggest the verdict of the jury was the re-
sult of passion and prejudice.

Ted Munn, Manager of the Tri-County
Elevator in Chugwater, Wyoming, testi-
fied he received a telephone call from a
person who identified himself as Larry
Morgan. The caller stated he was buying
grain for Farmer's Elevator Company,
Sterling, Colorado. Grain was ordered

which was to be picked up by three trucks. As a result of the call, 5000 bushels of wheat at $1.45 per bushel was delivered into three trucks driven by the three defendants.

Larry Morgan testified he did not make the telephone call to Ted Munn; that he did not order any wheat from Munn or Tri-County Elevator Company; that he did not authorize or direct anyone to pick up wheat at Tri-County Elevator Company in Chugwater at any time; and that no grain was received by him or his company from Tri-County.

Attorneys of the attorney general's office point out that defendant Robert Broyles and defendant Glenn Neel testified they did not sign their proper names and instead signed fictitious names on the scale tickets; also that they did not write correct license numbers of the trucks on the tickets. Defendant Richard Broyles testified he was present when the wrong names were signed to the scale tickets.

■ Of course felonious intent to steal is an essential element of the crime charged against the defendants, and the state has the responsibility of proving such intent by competent evidence. It is apparent from the record in this case that the most damaging evidence against defendants, as far as felonious intent is concerned, is the testimony concerning fictitious names and license numbers.

However, the admissions of defendants pertaining to fictitious names and license numbers came during the case of defendants and not as a part of the state's original case. Except for this evidence, which was supplied during defendants' defense, it is doubtful whether there was substantial evidence of felonious intent.

A motion for directed verdict in favor of defendants was made at the close of the prosecution's case in chief, and it was denied. Thus, we need to decide whether a motion for directed verdict at the end of the state's case is waived when defendants offer evidence in their own behalf. We have so held several times in civil cases.

In re Shreve, Wyo., 432 P.2d 271, 273; Marsh v. Butters, Wyo., 361 P.2d 729, 732.

■ Our review of cases on this point convinces us that the same rule has been universally followed in criminal cases to the same extent as it has in civil cases; and that it can be stated as an accepted principle that, even if the evidence at the close of the state's case is not sufficient to warrant a conviction, when a defendant proceeds with his case, his guilt or innocence will be determined by the evidence as a whole. 23A C.J.S. Criminal Law § 1148, p. 391; 5 Wharton's Criminal Law and Procedure, § 2073, p. 230, including n. 8 for § 2073, p. 230, 1968 Cum.Supp.

Typical of the cases holding to this effect are: State v. Thomas, 52 Wash.2d 255, 324 P.2d 821, 822; State v. Villegas, 101 Ariz. 465, 420 P.2d 940, 941–942; State v. Weis, 92 Ariz. 254, 375 P.2d 735, 739–740; State v. Lamphere, 233 Or. 330, 378 P.2d 706; State v. Mudge, 69 Wash.2d 861, 420 P.2d 863; State v. Nelson, 63 Wash.2d 188, 386 P.2d 142, 143; and State v. Brubaker, 62 Wash.2d 964, 385 P.2d 318, 319.

■ The evidence we have referred to did constitute substantial evidence of felonious intent, and we must hold the evidence of guilt sufficient to support the verdict and judgment in this case. Having so held, we would have no basis for accepting defendants' claim that the verdict was the result of passion or prejudice.

### Other Assignments

■ The deputy sheriff who arrested defendants Richard Broyles and Neel at Lincoln, Nebraska, testified at the trial. He was asked what was done with Neel and Richard Broyles, and in his reply he stated among other things that they were informed of their rights. No objection was made to the question asked or to the answer given at that point.

Counsel for defendants now argue that, inasmuch as there was no testimony pertaining to a statement taken or attempt to take a statement from defendants, the defendants were deprived of their right to re-

main silent and right not to be required to testify. The argument seems strange to us, especially in view of the fact that defendants did remain silent as they had a right to do, and they were not required to testify. No authority has been cited to us which supports the argument and we are content to disregard it.

■ Although counsel suggests that the state concealed and withheld evidence that a fourth person was present when the trucks were loaded, he concedes his claim in that regard is directly contradicted by the sheriff who is supposed to have concealed the evidence and that appellate rules therefore dictate that we should hold with the state on this assignment.

We find an additional reason for holding against the assignment. The defendants advanced the theory in their defense that a fourth person was present and offered testimony to that effect. They knew the facts regarding the presence or absence of the person in question as well, if not better, than did the prosecution. All that is now claimed is that information about a fourth person was "within the knowledge" of the sheriff.

We do not construe appellants' claim to mean the sheriff personally saw the fourth person on hand when the grain was loaded. The sheriff was not there. That certain information was within his knowledge appears to be an unwarranted conclusion on the part of counsel for defendants.

■ In any event, we say there is an additional reason for holding against the claim that evidence was concealed because appellants have not shown us that, even if there was such concealment, it prejudiced the defendants in any way. Rule 61, W.R.C.P., which is applicable in appeals to this court in criminal cases, provides that harmless error is to be disregarded. See Robertson v. State Highway Commission, Wyo., 450 P.2d 1003.

Finding no reversible error with respect to any of the assignments brought to our attention by appellants, we conclude the verdict and judgment of the district court should be sustained.

Affirmed.