**Steven Roy EPPERSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5111.**

Supreme Court of Wyoming.

Oct. 4, 1979.

Stephen R. Johnson, Asst. Public Defender, Sheridan, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Daniel E. White, Asst. Atty. Gen., Cheyenne, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

McCLINTOCK, Justice.

A jury found defendant guilty of unlawful conversion by a bailee, § 6–7–302, W.S. 1977. The sole issue raised on appeal is whether the district court erred when it refused to admit a sales receipt into evidence. We find the rules of evidence require that the sales receipt be admitted, and therefore reverse and remand the case for a new trial.

Defendant, Steven Epperson, his wife, Dessa Epperson, and their four children had planned to take a trip to Yellowstone National Park on August 21, 1978. Kenneth Hope, a friend of the family and complaining witness, offered to lend his 35mm camera to the defendant to take with him. The defendant accepted Mr. Hope's offer. Although Epperson and his family returned from Yellowstone on August 27, 1978, he did not return the camera to Mr. Hope.

Mr. Hope testified that he had asked defendant to return the camera on several occasions but each time the defendant gave some excuse why he could not do so. Mr. Hope filed a complaint against defendant October 16, 1978.

Although defendant did not take the stand, his defense was that Hope had sold the camera to him. Defendant's wife testified that after defendant was taken into custody he had asked her to look for a sales receipt for the camera since he was incarcerated until the time of trial. Mrs. Epperson stated that she had had considerable difficulty locating the sales receipt because she and her husband had operated a drive-in that summer and as a result had a great number of "papers, receipts [and] daily tallies" that were "just thrown together in numerous bags and boxes." In fact, she did not locate the receipt until the day before trial. She found the receipt in a bag that

had been put in a box containing Christmas decorations, when she and her children began decorating their Christmas tree.

The sales receipt is handwritten on a small piece of creased white paper and states:

"Recieved [sic] from S. Epperson payment in full for Pentax Camera."

It was signed by Mr. Hope.

Mrs. Epperson testified that she was familiar with her husband's handwriting and that the handwriting at the top of the receipt was her husband's. Mr. Hope testified that the signature at the bottom of the receipt was his but that he did not remember signing it. The trial judge refused to admit the receipt into evidence, stating that the receipt was not relevant because the defense was attempting to show that the complaining witness had signed it after he had consumed a large quantity of liquor and had had a memory lapse.

Epperson is charged with unlawful conversion by a bailee. Section 6–7–303, W.S. 1977 provides:

"If any bailee by finding or otherwise, of any money, bank bill or note, or goods or chattels, shall convert the same to his or her own use, with intent to steal the same, he shall be deemed guilty of larceny, in the same manner as if the original taking had been felonious, and on conviction thereof, shall be punished accordingly."

▉ To sustain a guilty verdict two elements must be present: (1) an expressed or implied relationship of trust between the parties, and (2) the accused must have converted the goods with an intent to steal. *Wilbur v. Territory*, 3 Wyo. 268, 21 P. 698, 699 (1889). The sales receipt was offered to prove that a trust relationship no longer existed between the defendant and Mr. Hope. We cannot agree with the basis of the trial judge's rejection; the sales receipt was relevant to the crime charged.

▉ The real issue presented by this appeal is whether the document is admissible. Rule 402, W.R.E. provides that all relevant evidence is admissible unless it falls within

one of the exceptions prescribed by the Rules of Evidence or other rules promulgated by the Supreme Court.

Rule 901, W.R.E. requires that before a document can be admitted into evidence it must be authenticated or identified. The rule states in part that:

"(a) *General provision.*—The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

"(b) *Illustrations.*—By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

\* \* \* \* \* \*

"(2) Nonexpert Opinion on Handwriting. —Nonexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation;

\* \* \*" ·

In the case at bar Mrs. Epperson testified that the handwriting at the top of the receipt is her husband's, and Hope testified that the signature at the bottom of the receipt is his. We therefore find that the sales receipt was authenticated by the testimony of these two witnesses.

Finally, the State argues that the question of whether the receipt is to be admitted into evidence is a question that rests within the sound discretion of the trial judge. We cannot agree. Rule 901, supra, must be read in light of Rule 104(b), W.R.E. *United States v. Carriger,* 6th Cir., 592 F.2d 312, 316, reh. denied (1979). Rule 104(b) provides:

"(a) *Questions of admissibility generally.*—Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

"(b) *Relevancy conditioned on fact.*—When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

The function of the judge and the jury is set forth in Rule 104, supra. The rule requires that the judge decide preliminary questions of fact and that the jury decide preliminary questions of conditional relevancy. *United States v. James,* 5th Cir., 590 F.2d 575, 579 (1979).

In the present case the trial judge's only duty was to determine whether the receipt was authentic in accordance with Rule 401(b), supra. After evidence was presented authenticating the document the sales receipt should have been admitted into evidence. This admission would not have established that the sales receipt was genuine, for that question is one for the trier of fact. The jury is to determine the conditional relevancy of the evidence. 5 Weinstein's Evidence, ¶ 901(a)[02]. The trial judge erred when he failed to admit the receipt into evidence.

Reversed and remanded for a new trial.