Dennis STAPLEMAN, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 83–142.

Supreme Court of Wyoming.

April 20, 1984.
Rehearing Denied May 22, 1984.

Leonard D. Munker, State Public Defender; Sylvia Lee Hackl, Cheyenne, Appellate Counsel; Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, and Mark K. Workman, Student Intern (argued), for appellant.

A.G. McClintock, Atty. Gen.; Gerald A. Stack, Deputy Atty. Gen.; John W. Renneisen, Senior Asst. Atty. Gen.; and Michael A. Blonigen, Asst. Atty. Gen. (argued), for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

CARDINE, Justice.

Appellant was charged in a two-count information with aggravated assault with a dangerous weapon and conversion by a bailee. He was acquitted of the aggravated assault charge but was found guilty of conversion by a bailee. He appeals from the conviction. We will reverse.

> The only issue presented on appeal is:
> "Whether the trial court erred in failing to instruct the jury on the offered defense instruction resulting in a denial of appellant's due process rights under the Fourteenth Amendment to the United States Constitution."

Appellant had been involved in a business relationship with Black Hills Trucking from January of 1981 until May of 1982. Appellant obtained a trailer from Black Hills Trucking to make a scheduled run in mid April 1982, but this run never materialized. Appellant remained in possession of the trailer from April until July 15, 1982. During this time, appellant was having difficulty collecting money owed to him by Black Hills Trucking. This problem was partially responsible for the termination of the business relationship. In April, appellant stated that he ought to hold the trailer until Black Hills Trucking paid him. During the months of May and June, appellant testified that he forgot he had the trailer. He owned approximately two and a half acres of land on which were parked several trucks and trailers, including the Black Hills trailer. Sometime in July, an employee of Black Hills Trucking noticed the trailer. On July 15, 1982, Black Hills Trucking sent an employee out to pick up the trailer. At that time, appellant rushed out with a gun and informed the employee that he would get the trailer when he received his money. The employee left. Shortly thereafter the Natrona County Sheriff's office was called to reclaim the trailer for Black Hills Trucking. Appellant was then charged with violation of § 6-7-303, W.S. 1977, which provided in part:

> "If any bailee by finding or otherwise, of any * * * goods or chattels, shall convert the same to his or her own use, *with intent to steal* the same, he shall be deemed guilty of *larceny* * * *." (Emphasis supplied.)

The case was tried to a jury. Appellant's theory of defense was that he lacked the necessary specific intent to steal the trailer. Appellant submitted the following instruction:

> "A defense to larceny by bailee is the taking possession of property to secure payment of a claim."

This instruction was refused.

Larceny by bailee is not a common-law offense but an offense created by statute, 52A C.J.S. Larceny § 45. The Wyoming statute creating this offense, § 6-7-303, W.S.1977, supra, provides that once the elements of unlawful conversion by bailee have been established, the offender is "deemed guilty of larceny."

Both larceny and larceny by bailee require the same "intent to steal" as an essential element of the crime, *Neel v. State*, Wyo., 452 P.2d 203 (1969); § 6-7-303, W.S.1977, supra, and the circumstances in which it has been held that the required intent was not present are generally the same for larceny as for larceny by bailee.

■ There are three elements which must be established to sustain a conviction of larceny by bailee: (1) goods received lawfully by a bailee; (2) thereafter conversion of the goods; (3) with an intent to steal the same, § 6–7–303, W.S.1977, supra; *Epperson v. State*, Wyo., 600 P.2d 1051, 1052 (1979); *Morrow v. State*, 146 Neb. 601, 20 N.W.2d 602 (1945).

■ Conversion of property by a bailee may be committed " * * * by refusing to redeliver to the bailor at the expiration or completion of the bailment." 8 C.J.S. Bailments § 31.

■ A conversion can occur without "intent to steal" as where possession of property is retained because of ignorance, mistake of fact, if reasonable, or bona fide but erroneous claim of right, although such error is one of law. 50 Am.Jur.2d Larceny § 41.

■ Appellant contends that the instructions which were given did not affirmatively present his defense that he did not possess intent to steal.

" * * * It may be said that when the defendant proves facts or circumstances to excuse his acts which otherwise would be a crime, or when the specific issue is one of criminal intent, ordinarily an affirmative instruction should be given. * * * " *Vinson v. Commonwealth*, Ky. App., 248 S.W.2d 430, 433 (1952).

When an instruction has been offered presenting the defendant's theory of defense, that instruction or a similar instruction must be presented to the jury if it is supported by competent evidence. *Goodman v. State*, Wyo., 573 P.2d 400 (1977); *Blakely v. State*, Wyo., 474 P.2d 127 (1970). It is the duty of the court to present to the jury the theory of the defense in his instructions when requested by the defendant. *State v. Hickenbottom*, 63 Wyo. 41, 178 P.2d 119 (1947); *Jackson v. State*, Wyo., 624 P.2d 751 (1981). Therefore, we must look at the record to see if there was competent evidence requiring an affirmative presentation of defendant's theory, i.e.,

that he did not possess the specific intent to steal necessary to the conviction.

■ In reviewing the evidence, we adhere to the following standard:

" ' * * * For the purpose of determining whether an instruction in favor of accused should be given, the court must view the evidence in a light as favorable to him as is justifiable, and accused's testimony must be taken as entirely true.' " *Goodman v. State*, supra, at 409 quoting from 23A C.J.S. Criminal Law § 1313.

■ There was testimony that appellant had told one of his drivers in mid April that he would retain possession of the trailer until Black Hills Trucking paid him. Appellant also testified that when the Black Hills Trucking employee came to get the trailer, he told him to get off his property and go tell Mr. Collins, the boss, that "when he brings me the money he owes me, he can have his trailer." This testimony was corroborated by the employee. Appellant had contacted an attorney who advised that he should place a lien on the trailer. Appellant's wife stated that the only reason appellant was holding the trailer was to secure payment of money owed. Appellant forgot that the trailer was on his lot during May and June. That is of no import. There was substantial evidence from which the jury could find that appellant believed he was retaining the trailer as security for payment of the debt owed him rather than intending to steal it.

In *McCann v. United States*, 2 Wyo. 274 (1877), defendant was a bailee of sugar to be delivered to Indian agencies. He sold some of it, but contended there was an arrangement authorizing him to do so. He was not permitted to answer a question inquiring about the arrangement and, in reversing, this court said,

" * * * had the answer shown *only a belief* on his part that the authority was and should be given, and that he kept within it, he would equally have been entitled to a verdict." (Emphasis supplied.) 2 Wyo. at 303.

This court said the following instruction should have been given to the jury:

" * * * 'Ninth, That if the defendant took the property described in the indictment under an honest claim of right to do so, and under an honest belief that he had authority to take the same and dispose of it, then the act of taking would lack the felonious intent necessary to constitute the crime charged, and it is for the jury to say, in view of all the facts and circumstances in evidence, what the intention of the defendant was.' * * * " Id. at 310.

The court then said that the effect of incorrectly refusing the above instruction was to hold,

" * * * that his motives and purposes. however honest and pure, or the circumstances under which he converted the property to his own use however conclusive to establish his innocence of the crime charged, are of no consequence whatever; that when the fact is once established that the defendant converted the property to his own use the law eo instanti pronounces him guilty, and that there is no balm in all Gilead that can save him from the penalty of the violated law. * * * " Id. at 311.

And concluding, we said:

" * * * Can it be possible that this is the law? I cannot think so * * *." Id. at 311.

And so it may not be larceny by bailee to retain possession of property, temporarily, under an honest belief in the right to do so, and without an "intent to steal." At least it is a question for the trier of fact to decide upon proper instructions.

 The State contends, however, that the proposed instruction did not accurately present the applicable law, even if there was evidence to support the theory. Generally, an instruction which is incomplete may be properly refused. *Benson v. State*, Wyo., 571 P.2d 595 (1977); *Wilson v. State*, Wyo., 655 P.2d 1246 (1982). However, if the instruction, although not entirely correct, is at least sufficient to apprise the court of the theory of defense, then it

is incumbent upon the court to either give the instruction or to otherwise properly instruct upon the accused's theory of the case. *Blakely v. State*, supra, at 129; *Thomas v. State*, Wyo., 562 P.2d 1287 (1977). Although the instruction proffered was incomplete and did not adequately present the law, it was sufficient to apprise the court of the appellant's theory, and an instruction upon that theory was required.

The State contends that all of the instructions taken together fairly presented to the jury the law of the case and each element of the crimes charged. The instructions, however, did not present clearly, as a defense, the claim of rightful possession and its effect upon lack of intent to steal. That was the very crux of the case. Without question, appellant was prejudiced by the failure to so instruct. It is not enough to submit a mere abstract statement of the law. *Poore v. State*, 94 N.M. 172, 608 P.2d 148 (1980). Other instructions did not offer affirmatively that appellant's honest belief in his right to retain possession of the trailer would be a defense to the charge. *Blakely v. State*, supra.

The failure to instruct upon the defense and the prejudice that resulted comes clearly into focus in the prosecutor's closing argument. The prosecutor, arguing the meaning of conversion by bailee, stated:

" * * * I came upon it lawfully, I was supposed to use it for Black Hills Trucking, but then I decided to use it for my purposes. He was going to use it for his own benefit. Pretty clearcut. What difference does it make if all he wanted to do was get paid. That isn't how you get paid. I am sure that there are some of us who felt that way, I am not going to pay you till the job is done. Right. We have all maybe wanted to do that, but it is against the law, and we don't do it. * * * "

And continuing, she said:

"If somebody told you, I am not going to give you your car back until you do what I say. Wouldn't you think your car had been stolen? Your choice is to do what he says or do without your car. Black

Hills Trucking could pay or they could do without their trailer. That is theft. That is stealing. That is intent to steal."

These arguments misstate the law. Retaining possession of bailed property under a bona fide though mistaken belief in the right to do so is not "intent to steal." The combination of these statements without adequate instructions upon defendant's theory of his defense created a denial of due process. The standard under *Goodman,* supra, requires competent evidence supporting the theory of defense and an instruction adequate to inform the jury of that theory. If these two elements are present and prejudice results from the failure to instruct, as in this case, the error requires reversal.

Reversed.

ROONEY, Chief Justice, dissenting.

I dissent. One cannot obtain a valid lien in the fashion here attempted by appellant. This type of lien is not provided by statute. Statutory liens are strictly construed. *Minnehoma Financial Company v. Pauli,* Wyo., 565 P.2d 835, 839 (1977); *American Buildings Company v. Wheelers Stores,* Wyo., 585 P.2d 845, 847 (1978). A nonstatutory lien cannot be created except by contract with the owner of the property. *Cities Service Oil Company v. Pubco Petroleum Corporation,* Wyo., 497 P.2d 1368, 1373 (1972).

The majority opinion does not contend otherwise. Rather, it contends that appellant's *belief* that he had a valid lien negatives his "intent to steal" and that the jury was not adequately instructed on lack of intent being a defense to the charge. The majority opinion acknowledges that the court did not err in refusing to give the instruction offered by appellant inasmuch as it was not a proper statement of the law. Rather, such opinion is premised on:

"* * * However, if the instruction, although not entirely correct, is at least sufficient to apprise the court of the theory of defense, then it is incumbent upon the court to either give the instruction or

to otherwise properly instruct upon the accused's theory of the case. * * *"

I believe (1) that the offered instruction was *not* sufficient to apprise the court of the theory relative to lack of intent, and (2) that, nonetheless, the court was otherwise aware of such theory, and did adequately instruct concerning it.

OFFERED INSTRUCTION

The offered instruction is as follows: "A defense to larceny by bailee is the taking possession of property to secure payment of a claim."

On its face, the instruction reflects the contention that one can take property of another at any time in any way to secure payment of a claim. As already noted, such is not the law. The offered instruction does not mention intent. The focus in it is on the activity of taking possession of property. It did not sufficiently apprise the court of a desire to put before the jury as a defense *the appellant's belief* that he had a valid lien. The court was not fairly informed that appellant did not believe the other instructions did not go far enough in this respect.

ADEQUATE INSTRUCTIONS

In any event, the instructions given by the court were adequate to advise the jury of appellant's theory, i.e., that he believed he had the right to refuse delivery of the trailer and thus did not have an intent to steal.

In Instruction No. 3, the jury was informed that the State had "to prove beyond a reasonable doubt every essential fact necessary to constitute the offenses charged." "Intent to steal" was set forth as an element of the crime in Instructions 7 and 8, with the direction in Instruction No. 8 that:

"If you find from your consideration of all the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty."

Instruction No. 10A provided:

"Intent to steal means one must intend to deprive the owner of the possession of

his property permanently or for an unreasonable length of time."

Specific intent was defined in Instruction No. 16 as follows:

"To constitute the crime charged of unlawful conversion by bailee and possession of a firearm with intent to unlawfully threaten, there must be a union of two essential elements, an act forbidden by law and a specific intent.

"Specific intent means more than the general intent to commit the act. To prove a crime which involves specific intent, the prosecution must prove beyond a reasonable doubt:

"1. That the Defendant did the act charged; and

"2. That he did it with the specific intent described in the crime charged. The specific intent must be proved beyond a reasonable doubt as any other fact in the case."

The jury was adequately instructed on the necessity for specific intent, and it is obvious that appellant's contention that he lacked specific intent was fairly placed before the jury.

I would affirm.