Argued and submitted September 9, 2021, affirmed April 6, appellant's petition for reconsideration filed April 20 allowed by opinion July 13, 2022
See 320 Or App 772, 513 P3d 625 (2022)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE GRAHAM LEAHY,
*Defendant-Appellant.*

Jackson County Circuit Court
18CR05720; A172602

509 P3d 699

Lorenzo A. Mejia, Judge.

Mark Kimbrell, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.*

PER CURIAM

Affirmed.

_____
* Lagesen, C. J., *vice* DeHoog, J. pro tempore.

## PER CURIAM

Defendant telephoned the victim at work and she told him not to call her. He nonetheless called her work number again and, when the victim opted not to answer, left a voicemail. He then called and texted her cellphone a number of times. The state charged defendant with telephonic harassment, in violation of ORS 166.090(1), alleging that he committed the offense "by causing [the victim's] telephone to ring, defendant knowing that defendant had been forbidden from doing so by a person exercising lawful authority over the receiving telephone." Defendant exercised his right to a jury trial and, at trial, moved for a judgment of acquittal, asserting that there was insufficient evidence to support a finding that either of the two phones that defendant called ever rang. The trial court denied the motion, and a jury found defendant guilty as charged. Defendant appeals, assigning error to the denial of his motion for judgment of acquittal. We affirm.

We review the denial of a motion for judgment of acquittal by viewing the facts and the reasonable inferences that can be drawn from them in the light most favorable to the state, and determining whether those facts and inferences would allow a reasonable factfinder to find the element or elements of the crime put at issue by the motion proved beyond a reasonable doubt. *State v. Shifflett*, 285 Or App 654, 656, 398 P3d 383 (2017).

At issue is whether the evidence is sufficient to support a finding that defendant caused the victim's telephone "to ring" within the meaning of ORS 166.090(1)(b). To be sufficient, the evidence must permit a finding that defendant caused the victim's phone to "emit an audible sound" after he had been directed not to call her. *Shifflett*, 285 Or App at 665.

In this instance, there is no direct evidence that defendant caused either of the victim's phones to make an audible sound when he called. While the victim was on the stand, the prosecutor never asked the victim if defendant's calls caused the phones to make an audible sound. Nonetheless, a rational factfinder, at a minimum, could

infer that defendant's calls to the victim's work caused the work phone to emit an audible sound.

The victim testified that defendant called her work phone a second time about an hour after he had called the first time, when she had told him not to call her at work. She testified further that, when defendant called again, "I did not pick up the phone the second time. I let it go through to voicemail which he left a voicemail." Although the victim did not testify specifically that she heard an audible sound from the work phone when defendant called the second time, it would not be unreasonable to infer from her testimony that she "did not pick up the phone the second time" that defendant's second call caused the phone to emit an audible sound, alerting the victim to the call as it came in, which she then opted not to answer after seeing that it was defendant. In other words, a reasonable factfinder could infer that the victim had been alerted to the incoming call by an audible sound. For that reason, the trial court did not err when it denied defendant's motion for judgment of acquittal.

Affirmed.