On appellant's petition for reconsideration filed April 20; reconsideration allowed, former opinion (318 Or App 849, 509 P3d 699) modified and adhered to as modified July 13, 2022

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JESSE GRAHAM LEAHY,
*Defendant-Appellant.*

Jackson County Circuit Court
18CR05720; A172602

513 P3d 625

Lorenzo A. Mejia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, for petition.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

## PER CURIAM

Defendant petitions for reconsideration of our decision in *State v. Leahy*, 318 Or App 849, 509 P3d 699 (2022), in which we affirmed his conviction for telephonic harassment, ORS 166.090(1), for causing the victim's phone "to ring" after being told not to call her. *Id*. at 850. In particular, we rejected defendant's argument that the trial court erred in denying defendant's motion for judgment of acquittal. We allow reconsideration to address the arguments in defendant's petition and, ultimately, clarify and adhere to our prior decision.

Defendant first argues that we should reconsider our affirmance. Defendant notes that our decision relied on a phone call that defendant made to the victim's work phone. Defendant observes that the state did not rely on that particular call in its respondent's brief, and argues that, accordingly, the court should not have relied on that evidence either. Defendant points out a potential issue regarding whether that call fell within the time range alleged in the indictment. But regardless of the particular evidence on which the state elected to focus on appeal, our standard of review requires us to consider the whole record, and evidence of that call was part of the record that was presented to the jury. As the Supreme Court explained in *State v. Lamphere*, 233 Or 330, 332, 378 P2d 706 (1963), "the appellate court will consider all the evidence and will not reverse the trial court if the record as a whole contains sufficient evidence to support a verdict against defendant." Moreover, with respect to the timing question that defendant identifies in his petition for reconsideration, defendant explicitly acknowledged in the trial court that any timing issue regarding the call to the victim's work phone was a question for the jury, noting "I also believe that's [an] on or about date problem [with the work phone incident], but that's an issue more reserved for the jury, but I don't see any reason to think the work phone ever necessarily rang either." In other words, evidence of the call to the work phone is part of the case submitted to the jury and, for that reason, must be considered in evaluating the sufficiency of the evidence to support the jury's verdict.

Defendant also argues that it is too speculative to infer that the victim's work phone rang. He urges us to reconsider our contrary conclusion. We decline to do so.

Finally, defendant notes that our decision did not expressly address his remaining two assignments of error, in which defendant argued that the trial court failed to conduct OEC 403 balancing when admitting certain text messages from defendant and testimony related to those messages. We do not find those assignments of error persuasive; we modify our opinion to make that explicit. We do so by adding the following paragraph at the end of our opinion:

> "In his remaining assignments of error, defendant asserts that the trial court erroneously failed to conduct OEC 403 balancing when admitting certain evidence or, alternatively, did not make an adequate record of that balancing. To the extent that those contentions are adequately preserved, we are not persuaded by them."

Reconsideration allowed; former opinion modified and adhered to as modified.